IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CINDY J. BURR and MICHAEL J. BURR, | CV 23–35–M–DWM |
| Plaintiffs, | |
| vs. | OPINION and ORDER |
| JOHNSON & JOHNSON, ETHICON, INC., ETHICON, LLC, KALISPELL REGIONAL HEALTHCARE SYSTEM, JOHN/JANE DOE DEFENDANTS 1-10, and XYZ CORPORATIONS 1-10, | |
| Defendants. | |

In 2009, Cindy Burr sought medical treatment for symptomatic cystocele. (Doc. 3 at ¶ 14.) She subsequently underwent a number of procedures at Kalispell Regional Healthcare, including the implantation of a Gynemesh soft pelvic mesh product. (*Id.* ¶¶ 14–15.) After she began to suffer from stress urinary incontinence several years later, her gynecologist advised her to seek a specialist for excision of her eroded mesh. (*Id.* ¶ 17.) In May 2018, Ms. Burr underwent surgery for removal of the eroded mesh in Seattle, Washington. (*Id.* ¶ 19.)

In March 2020, Plaintiffs Cindy and Michael Burr (the "Burrs") sued Defendants Johnson & Johnson, Ethicon, Inc., Ethicon, LLC and Kalispell

1

Regional Healthcare System in the Montana Eleventh Judicial District Court, Flathead County, alleging product liability, negligence, fraud, and violation of the consumer protection statutes related to the development, marketing, sale, and implantation of a defective pelvic mesh product. (Doc. 3.) Ethicon removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. §§ 1332, 1441, 1446. (Doc. 1.) The Burrs seek remand pursuant to 28 U.S.C. § 1447(c), as well as for an award of fees and costs. (Doc. 7.)[1] The request for remand is granted.

## ANALYSIS

Federal district courts are courts of "limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Suits filed in a state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But, in the absence of federal subject matter jurisdiction, remand is mandatory. *Id.* § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) ("Section 1447(c) is mandatory, not discretionary."). Where, as here, the defendant relies on diversity of citizenship under 28 U.S.C. § 1332 to establish jurisdiction, "[d]iversity removal requires

---

[1] Ethicon filed a motion to dismiss before the motion for remand was filed. (*See* Doc. 4.) Briefing on that motion has been stayed pending the outcome of the Court's remand decision. (*See* Doc. 10.)

complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Moreover, an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[2] 28 U.S.C. § 1441(b)(2).

It is undisputed that both the Burrs and Kalispell Regional are Montana citizens. Ethicon insists, however, that Kalispell Regional was fraudulently joined. "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). But "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that joinder was proper and remand the case to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (internal quotation marks omitted). Ultimately, the defendant must overcome "the strong presumption against removal jurisdiction and the general

---

[2] This "forum defendant rule" is procedural, not jurisdictional. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).

presumption against fraudulent joinder." *Id.* at 1046 (internal quotation marks omitted). Accordingly, Ethicon, as the removing party, bears the heavy burden of establishing that the Burr's complaint fails to state a claim against Kalispell Regional and that the "failure is obvious according to the settled rules of the state." *Id.* at 1043.

I.  **Remand**

Ethicon argues that the Burrs cannot state a claim against Kalispell Regional because a hospital cannot be subjected to a product liability claim as a "seller" under Montana Code Annotated § 27–1–719. In response, the Burrs argue that because a hospital's potential product liability remains an open question under Montana law, Ethicon cannot meet the high bar of showing that its position is the "settled" law of the state. (*See* Doc. 12 at 4 ("The law of Montana is decidedly *unsettled*.").) This uncertainty favors remand.

"The Montana Legislature has provided a statutory cause of action for products liability premised on a theory of strict liability." *Winters v. Cntry. Home Prods., Inc.*, 654 F. Supp. 2d 1173, 1180 (D. Mont. 2009) (citing § 27-1-719). That statute provides, *inter alia*, as follows:

> (1) A person who sells a product in a defective condition that is unreasonably dangerous to a user or consumer or to the property of a user or consumer is liable for physical harm caused by the product to the ultimate user or consumer or to the user's or consumer's property if:
>
> (a) the seller is engaged in the business of selling the product; and

4

>  (b) the product is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

§ 27–1–719. A "seller" is then defined as "a manufacturer, wholesaler, or retailer." § 27–1–719(9)(d). Consistently, a prima facie case of products liability premised on a theory of strict liability requires a plaintiff to establish the following elements:

>  (1) The product was in a defective condition, "unreasonably" dangerous to the user or consumer;
>
>  (2) The defect cause the accident and injuries complaint of; and
>
>  (3) The defect is traceable to the defendant.

*Meyer v. Creative Nail Design, Inc.*, 975 P.2d 1264, 1268 (Mont. 1999) (internal quotation marks omitted).

As conceded by Ethicon, no Montana court has directly addressed the issue of whether a hospital can be held strictly liable for alleged defects in medical devices that are used in medical procedures under this statute. But Ethicon parenthetically cites one Montana case to emphasize the limitations of "seller" under the statute. In *Papp v. Rocky Mountain Oil and Minerals, Inc.*, the Montana Supreme Court considered a strict liability claim where an employee inhaled a lethal gas while working for an oil company. 769 P.2d 1249, 1250 (Mont. 1989). The Court in *Papp* applied Section 402A of the Restatement (Second) of Torts regarding strict product liability, indicating that it

5

> refers specifically to 'one who sells a product in a defective condition,' where the seller is engaged in the business of selling the product. The respondents here are not sellers of treater facilities. They engage in the business of extracting oil and gas for refinement. They are, therefore, not sellers within the § 402A definition. This provision was incorporated into our statutes in 1987. *See* § 27–1–719, MCA.

*Id.* at 1255. Nevertheless, the Court's focus was not on the status of the facility owner, but on whether the facility at issue was a "product" under the law. *See id.* at 1252–55. Accordingly, the Court did not wade into the question of who might be held responsible for the allege defect. Moreover, there is no clear analogy between the owner/operator of a defective building and a hospital that puts a defective medical implant in a patient. While a hospital, like an oil company, is not in the business of selling its physical facility to patients, it is in the business of selling healthcare and services, such as medical implants, to those patients.

This same factual difference sets this case apart from that of *Mitchell v. Shell Oil Co.*, 579 F. Supp. 1326 (D. Mont. 1984), another case relied on by Ethicon. Similar to *Papp*, the defendant in *Mitchell* operated an oil rig and this Court concluded that strict product liability did not apply as the oil company "was not in the business of selling that product to the general public." *Id.* at 1331. Once again, hospitals *are* in the business of providing and selling medical care and services to patients; *Papp* and *Mitchell* are inapposite.

Recognizing the dearth of Montana case law, Ethicon proposes that the wording of Montana's statute, considered in conjunction with out-of-state

6

authority, strongly suggests that Montana courts would adopt the approach used by jurisdictions that have found that hospitals are not sellers of medical implant devices for product liability purposes. Indeed, "[a] number of federal courts have held that a hospital cannot be subject to strict liability because it is not a seller or distributor of medical devices." *Phillips v. Medtronic, Inc.*, 754 F. Supp. 2d 211, 216 (D. Mass. 2010) (collecting cases). However, federal courts have also found that the law on this issue is not settled in every jurisdiction. *See Ioli v. Zimmer Holdings, Inc.*, 2014 WL 1607360, at *3 (D. Ariz. Apr. 22, 2014) (granting remand in hip replacement case under Arizona law); *Snyder v. Davol, Inc.*, 2008 WL 113902, at *7 (D. Or. Jan. 7, 2008) (same for hernia patch under Oregon law). Such is the case in Montana.

Ethicon attempts to distinguish those cases that weigh in the Burrs' favor by focusing on the jurisdiction-specific statutory language. For example, in addressing *Ioli v. Zimmer Holdings, Inc.*, Ethicon specifically notes that Arizona has adopted an expanded definition of seller. (*See* Doc. 11 at 6–7.) While Ethicon is correct that there are important differences across the jurisdictions, that argument cuts both ways. In *Johnson v. Zimmer Spine, Inc.*, 2008 WL 11449246 (D. Nev. Aug. 8, 2008), one of the cases relied on by Ethicon, the district court concluded hospitals could not be sellers under Nevada law. While Nevada, like Montana, has adopted Section 402A of the Restatement (Second) of Torts

7

regarding strict product liability, *see id.* at *3, the two states define "seller" differently, *compare* Nev. R. S. 104.2103 *with* § 27–1–719(9)(d). Additionally, the Nevada Supreme Court previously held that a county health district—which the district court appropriately analogized to a private hospital—was not a "seller" of products under Nevada's definition. *Johnson*, at *3 (citing *Allison v. Merck & Co., Inc.*, 878 P.2d 948, 952 n.1 (Nev. 1994)). There is no similar decision in Montana. To the contrary, prior decisions of this Court indicate that in Montana, "a plaintiff need only sue that person or enterprise in the chain of distribution of a given product of which he has knowledge or with which he has had contact." *Kelly v. Gen. Motors Corp.*, 487 F. Supp. 1041, 1047 (D. Mont. 1980). Thus, while the Burrs' authority is not on all fours, neither is Ethicon's. And, contrary to Ethicon's characterization, the Burrs do not carry the burden here.

Ultimately, the merit of the Burrs' putative claim goes beyond the scope of the present motion. *See Hunter*, 582 F.3d at 1045 (explaining that where the requisite inquiry goes to the merits of a plaintiff's claim, "it cannot be said that the plaintiff's failure to state a claim against the resident defendant is obvious according to the settled rules of the state" (internal quotation marks omitted)); *see Pacheco de Perez v. AT&T*, 139 F.3d 1368, 1380–81 (11th Cir. 1998) ("In a fraudulent joinder inquiry, federal courts are not to weigh the merits of plaintiff's claim beyond determining whether it is an arguable one under state law."); *see also*

*Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (requiring courts to "resolve any uncertainties as the current state of controlling substantive law in favor of the plaintiff").

Because Ethicon fails to overcome either the strong presumption against removal jurisdiction or the general presumption against fraudulent joinder, remand is appropriate. *See Hunter*, 582 F.3d at 1046.

## II. Costs

Attorney fees and costs may be awarded under 28 U.S.C. § 1447(c) if the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The Burrs argue that such fees are appropriate here. Not so. Although Ethicon's position on fraudulent joinder fails for the reasons stated above, a number of jurisdictions have adopted Ethicon's substantive view of hospital liability in the strict product liability context. (*See* Doc. 11 at 12 n.1 (collecting cases).) Because the parties' dispute over how Montana will handle this issue is a reasonable one, the Burrs are not entitled to fees and costs.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that the Burrs' motion to remand (Doc. 7) is GRANTED in PART and DENIED in PART. This matter is REMANDED to the Montana Eleventh Judicial District Court, Flathead County.

The Clerk is directed to transfer the file to the state court and close this case. The Burrs' request for fees and costs is DENIED.

IT IS FURTHER ORDERED that Ethicon's motion to dismiss (Doc. 4) is DENIED as MOOT.

DATED this 28th day of June, 2023.

_____
Donald W. Molloy, District Judge
United States District Court